[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12382
Non-Argument Calendar
_____

Agency No. A206-849-344


JACINTA SANTOS-REYES,

                                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 21, 2019)

Before WILSON, BRANCH, and HULL, Circuit Judges:

PER CURIAM:

Jacinto Santos-Reyes seeks review of her final order of removal that denied

her application for asylum and withholding of removal. The agency credited her testimony that she was raped in her home country of Honduras, but it found that she failed to establish a nexus between that act of persecution and a statutorily protected ground. Because Santos does not substantively challenge this or any other aspect of the final order, we deny her petition for review.

Santos and her daughter[1] immigrated to the United States from Honduras in 2014 without being admitted. The Department of Homeland Security promptly commenced removal proceedings against them. Santos timely applied for asylum, withholding of removal, and withholding of removal under the Convention Against Torture ("CAT") based on membership in a particular social group, which she defined as

> Honduran women who have been the victims of gang violence in particular sexual assault and because Honduran society views women as less important than men, they are not given protection by the police or their government and are at risk of further victimization.

In her application, Santos described how she had been raped at gunpoint on the streets of Honduras in 2014. She stated that she feared that if she returned, she would again be the victim of violence because "the police and authorities do absolutely nothing especially when [it] is a crime against a woman." She also

---

[1] Her daughter, who was 13 years old when she entered the United States, was a party to all of the agency proceedings. In this Court, however, her daughter (now an adult) has neither filed a petition for review nor joined Santos's.

feared that her young daughter would similarly be raped or even killed. Santos included with her application the U.S. State Department's Human Rights Report for Honduras for 2013, which noted, "Rape was a serious and pervasive societal problem that permeated all facets of society," and "Violence against women and impunity for perpetrators continued to be a serious problem." She also included a report from the Center for Gender & Refugee Studies discussing the widespread occurrence of murder and rape of women in Honduras, a news report describing the corruption of the Honduran police, a sworn statement from her husband, and a copy of her police report of the rape.

At her removal hearing in 2017, Santos testified about her rape, detailing how she was assailed by three hooded, armed men while returning home from classes one afternoon. They ordered her to get off her motorcycle, they bound her hands and feet, and one of them sexually assaulted her. She recounted that her rapist told her that if she reported him, he would hurt her family. She added that she waited about a month to report the incident to the police because she was too afraid to leave her house. She said her husband did not report it because the police do nothing about crimes against women since they are bribed by the criminals. She did not know if the police took any action on her report, but no one ever followed up with her about it. She did not feel that she could go live with her siblings six hours away in Honduras because she would still be afraid for her safety. Santos

3

also supplemented the record with the Human Rights Report for Honduras for 2016, which reiterated concerns about widespread rape and violence against women.

The Immigration Judge ("IJ") found Santos's testimony credible but concluded that she was not eligible for asylum, withholding of removal, or CAT relief. The IJ concluded that her rape was a violent act that rises to the level of persecution, but then explained that she had not established that she experienced that harm on account of her membership in a particular social group because her proposed group was neither discrete nor socially distinct before the persecution. The IJ also found that she had not established a well-founded fear of future persecution. Although her fear of harm was subjectively real, the IJ found she had not established objectively real fear because there was no evidence that her unidentified attackers were seeking to harm her or her family or that the police failed to investigate her report.

The Board of Immigration Appeals ("BIA") affirmed the decision of the IJ but did not expressly adopt its order. It found, "While the respondent established that she suffered past persecution in Honduras, she did not establish that there is a nexus between the harm she may have suffered and a statutorily protected ground as required for asylum and withholding of removal." It concluded that her asserted social group is not cognizable because it was not "shown to be perceived as a

group by Honduran society" and it is "circularly defined." Moreover, "she has not presented any persuasive evidence to establish that the harm she suffered was other than criminal in nature and unrelated to membership in the alleged group." As to future persecution, it found that Santos did not establish that the government was unable or unwilling to assist her or that her attackers were seeking to harm her.

We review only the decision of the BIA when it has not expressly adopted the IJ's opinion or its reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's legal conclusions de novo and its factual determinations for substantial evidence. *Id.* at 1283–84.

In her petition for review of the agency decision, Santos argues that the BIA erred by inconsistently finding that she both did and did not suffer past persecution, and suggests that we remand for clarification. We decline to do so because the BIA correctly stated the legal standard. To establish eligibility for asylum, an applicant must demonstrate "past persecution on account of a statutorily listed factor" or a "'well-founded fear' that the statutorily listed factor will cause future persecution." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (citing 8 C.F.R. § 208.13(a), (b)). The challenged portion of the BIA's decision consistently applied this standard. It found that Santos's rape was an act of persecution[2] but then concluded that Santos failed to establish eligibility for

---

[2] Our Circuit has suggested, but has not held in a published opinion, that rape may be an act that

5

asylum by demonstrating that this persecution was on account of a statutorily protected ground. We find this conclusion sufficiently clear to allow us to review it—but Santos has not asked us to do so. She makes no substantive arguments about the BIA's nexus finding or reasoning, so we do not review them. Neither does she challenge the BIA's findings about her fear of future persecution or about the unwillingness or inability of Honduras to protect her. *See id.*; *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1345 (11th Cir. 2007) (an asylum applicant must also show "that she is unable to avail herself of the protection of her home country").

Santos makes an argument about the IJ's reasoning with respect to the nexus between her persecution and a protected ground, but arguments about the IJ's decision are not properly before us. Although the BIA agreed with the IJ that Santos's purported social group is not cognizable, it did not adopt that portion of the IJ's decision or the IJ's more extensive reasoning on that point. We therefore decline to review the IJ's opinion. *See Al Najjar*, 257 F.3d at 1284.

Finally, because Santos did not establish eligibility for asylum, she cannot meet the higher standard required to establish eligibility for withholding of removal.[3] *See Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006). Her petition for review is therefore

**DENIED.**

---

rises to the level of persecution. *See Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 949 (11th Cir. 2010).

[3] Santos has not challenged the agency finding that she is ineligible for CAT relief.

6